Henderson, Chief-Justice.
 

 It ivas said at the bar, that this case was the same in principle as
 
 Frost
 
 v.
 
 Etheridge,
 
 but I think it is very distinguishable from it. That was the case of a levy on lands in the husband’s lifetime, and sale alter his death under a
 
 fieri facias.
 
 This, where both levy and sale were in the husband’s lifetime; but the Marshal’s deed was executed to the purchaser after the husband’s death. In the case of
 
 Frost
 
 v. Etheridge, it was held, that the levy did not divest or disturb the husband’s
 
 seisin;
 
 and that the purchaser was in from the purchase, not from the time of the levy, or
 
 teste
 
 of the
 
 fieri facias.
 
 Bat the lien or charge on the land, arising from the
 
 teste
 
 of the writ of
 
 fieri facias,
 
 was only against those who came in by contract with the defendant; and not as to those who came in by operation of law j that the lien ivas created by law, to protect the estate from the fraudulent acts of the defendant in the execution; and to that cud, all liens or transfers of the estate by him, after the
 
 teste
 
 of the execution, were made fraudulent in law, whatever might' have been the actual
 
 intent;
 
 but that where such fraudulent intent could not bo imputed from the nature of the claim, there such presumption could not apply. And such was the nature of the widow’s claim to dower, in which no presumption of fraud could arise. For it could not be supposed, that her husband died to defeat the creditor. She was therefore entitled to dower. Bub the
 
 *5
 
 present is a case, wliere there was an actual sale, which, if evidenced in the manner prescribed by law, entirely defeated the husband’s estate, not by a fiction or relation to guard the estate from the acts or claims of any one, hut an
 
 ipso fado
 
 determination of it. I do not mean to say, that the bare act of sale, or crying out the property, passes the title of land, or even returning it on the execution. But when the deed is afterwards made in conformity to the sale, the title to the estate is taken out of the defendant in the execution, and vested in the Tsurchaser, from the time of the sale, whatever may he ' - the effect ou the possession; I mean the intermediate possession between the sale and the deed. I do not intend in this, to overrule the case of
 
 M’Millan
 
 v.
 
 Hapley,
 
 (2
 
 Law Rep.
 
 89) where it was decided, that an action-of trespass will not lie for the purchaser, for an intermediate trespass. For the doctrine of that case does not stand in the way of this; and it maybe sustained possibly upon something peculiar to the action of trespass. But I am much disposed to doubt its correctness.
 

 A sheriff’s deed °*~ chaser from the time of the sale.
 

 The case of Mcmillan
 
 v. Hapley (2 Law Rep. 89)
 
 doubted by
 
 Henderson, Chief Justice.
 

 We are all of opinion, that the Sheriff's or Marshal’s deed, so far as regards title, relates to the time of the sale, and divests the estate from the sale, and vests it in the purchaser, and gives to him the rights, and imposes on him the obligations of the legal owner, whether or not in analogy to the execution of a power, I am not disposed to say; hut I rather think, that it is upon the ground that it evidences a transaction, to-wit, the sale, which divested the title.
 

 Per Curiam. — Judgment u?ítrmeb.